

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>F.V.<br><br>       Defendant. | Case No.: 13-mc-1494<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE JUVENILE ADJUDICATIONS FROM HIS PRESENTENCE REPORT** |

Defendant F.V. has objected to the inclusion of juvenile adjudications in his presentence report. The Court construed this as a motion to exclude the adjudications from the presentence report and asked both sides to fully brief the issue. For the reasons below, Defendant's motion to exclude is DENIED.[1]

## BACKGROUND

On April 9, 2013, Defendant F.V. pled guilty to knowingly and intentionally

---

[1] The original order has been filed under seal. This version of the order has been edited to remove identifying information.

1

attempting to enter the United States without consent after having been deported, in violation of 8 U.S.C. § 1326. Defendant's presentence report included information on his juvenile adjudications with the following note:

> Per [California] Welfare and Institutions Code § 827, juvenile case records are confidential. Any supporting documentation of the following juvenile history was obtained with the express agreement that it shall not be made part of any other court file that is open to the public.

The report added no points to Defendant's criminal history score based on his juvenile adjudications. Defendant objected to the presentence report, arguing that his juvenile records are confidential under California law and should be excluded from his report. The Court asked the government to respond and heard oral argument on October 11, 2013.

## LEGAL FRAMEWORK

### I. JUVENILE RECORDS

Pursuant to California law, juvenile records are generally confidential but are subject to disclosure under limited circumstances. See Cal. Welf. & Inst. Code § 827; In re Mario C., 124 Cal. App. 4th 1303, 1312-13 (Cal. Ct. App. 2004) ("While juvenile court records are generally confidential, law enforcement and prosecutorial authorities can consult them for a wide variety of purposes."). Among other recognized exceptions, a juvenile "case file may be inspected" by "[t]he attorneys for

2

the parties, judges, referees, other hearing officers, probation officers, and law enforcement officers who are actively participating in criminal or juvenile proceedings involving the minor." Cal. Welf. & Inst. Code § 827(a)(1)(E). Additionally, a juvenile record may be inspected by "[a]ny other person who may be designated by court order of the judge of the juvenile court upon filing a petition." Id. at §827(a)(1)(P).

Once a juvenile record has been lawfully disclosed to a receiving agency or person, that agency or person may not further disseminate the record to non-excepted agencies and persons. Id. § 827(a)(4). Moreover, a juvenile record may not be attached to any other document "without the prior approval of the presiding judge of the juvenile court, unless it is used in connection with and in the course of a criminal investigation or a proceeding brought to declare a person a dependent child or ward of the juvenile court." Id.

## II. PRESENTENCE REPORTS

18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Moreover, Federal Rule of Criminal Procedure 32(d)(2)(A)(iii) states that presentence reports must contain "the defendant's history and characteristics, including . . . any circumstances affecting the

defendant's behavior that may be helpful in imposing sentence or in correctional treatment."

Additionally, the Guide to Judiciary Policy on presentence reports notes that a "probation officer reports all juvenile court adjudications involving acts that would, if committed by an adult, constitute a crime." Guide to Judiciary Policy, Volume 8: Probation and Pretrial Services, Part D: Presentence Investigation Report § 335.30(a). Even if a defendant has not been sentenced for a juvenile adjudication normally eligible for criminal history points, the adjudication is nonetheless reported if guilt was established. Id. Additionally, the Guide to Judiciary Policy states that if a juvenile record is "provided pursuant to a promise from the probation officer that the information will remain confidential, the information should be marked "confidential" in the presentence report," and include the statement: "INFORMATION ABOUT THIS PROCEEDING WAS OBTAINED BY THE PROBATION OFFICER WITH AN EXPRESS PROMISE THAT IT WOULD NOT BE MADE PUBLIC." Id. at § 335.30(d).

However, Fed. R. Crim. P. 32(d)(3) bars the inclusion of select information in presentence reports. The bar includes "any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program," "any sources of information obtained upon a promise of confidentiality," and "any other information that, if disclosed, might result in physical or other harm to the defendant or others."

Presentence reports are generally confidential, but may be disclosed pursuant to law, rule, regulation, guideline, and court order. See David N. Adair, Jr., Associate General Counsel, Administrative Office of the United States Courts, Confidentiality of Pretrial Services, Presentence, and Supervision Release Information 3-4. A presentence report is, first and foremost, "a court document and is to be used by nonjudicial federal agencies and others only with the permission of the court." United States v. Charmer Indus., Inc., 711 F.2d 1164, 1170 (2d Cir. 1983). "Presentence reports are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence." Id. at 1171 (quoting United States v. Martinello, 556 F.2d 1215, 1216 (5th Cir. 1977)). In United States v. Schlette, 842 F.2d 1574 (9th Cir. 1988), the Ninth Circuit rejected the argument that disclosure of presentence reports would "chill sources of information and decrease the report's accuracy," but nonetheless recognized that "privacy concerns still may militate against disclosure in a given case," and noted that it disfavored the routine release of presentence reports to third parties. Id. at 1580-81 (internal quotation marks and citations omitted).

## DISCUSSION

This Court must consider whether the inclusion of juvenile adjudications in presentence reports is consistent with both federal and California law.

**Federal Law**

Under federal law, presentence reports may contain far reaching information regarding not only past criminal offenses, but also information about the subject's background, character, and conduct. 18 U.S.C. § 3661. See also Fed. R. Crim. P. 32(d)(2)(A)(iii); Guide to Judiciary Policy, Volume 8: Probation and Pretrial Services, Part D: Presentence Investigation Report § 335.30(a). Prior juvenile adjudications clearly fall within the broad scope of information that a presentence report can legitimately include.

However, Fed. R. Crim. P. 32(d)(3) does limit the kind of information that can be included in a presentence report. With this rule in mind, Defendant emphasizes that his juvenile record is confidential and that, according to the presentence report, the record "was obtained with the express agreement that it shall not be made part of any other court file that is open to the public." Defendant reasons that the confidential nature of his juvenile record, combined with the Probation Office's "express agreement," make the juvenile adjudications contained in his record an impermissible "source[] of information obtained upon a promise of confidentiality." Fed. R. Crim. P. 32(d)(3)(B).

Defendant's argument does have some superficial appeal, but is ultimately unpersuasive. Defendant's juvenile record is not a "source[] of information obtained upon a promise of confidentiality" within the meaning of the rule. First, there was no

clear promise of confidentiality from the Probation Office to the California authorities. The Probation Office's agreement to refrain from making Defendant's juvenile record "part of any other court file that is open to the public" is an important limitation on use, but it is not a sweeping promise of confidentiality against all others. By the terms of the agreement, the Probation Office was permitted to place Defendant's juvenile record in the presentence report itself, a court record not open to the public, and to do anything else with the record as long it was not placed in a publicly accessible court record. The Court does not mean to suggest that the Probation Office could do anything with a presentence report without violating other laws and rules; rather, the Court's point is merely that the Probation Office's agreement was rather limited and thus not a general "promise of confidentiality" for purposes of Fed. R. Crim. P. 32(d)(3)(B).

Second, even if Defendant's juvenile record was obtained with a promise of confidentiality, the record is merely information, not a "<u>source</u> of information." While the rule does not define "source," the surrounding text and history of the rule suggest that "source" has its common meaning: "a point of origin or procurement," Merriam-Webster.com/dictionary/source (last visited Dec. 3, 2013), or "[a] work, etc., supplying information or evidence (esp. of an original or primary character) as to some fact, event, or series of these. Also, a person supplying information, an

informant, a spokesman," Oxford English Dictionary, http://www.oed.com/view/Entry/185182 (last visited Dec. 3, 2013).

In this case, the source was the California Youth Authority. In other cases, the source could be any other individual or entity. This reading of the rule is borne out by its text. While part (B) is focused on "sources of information," part (A) deals with "any diagnoses" and part (C) is concerned with "any other information." In other words, (A) and (C) focus on a particular informational content, whereas (B) is focused on the supplier of the information. The rule's drafters could have easily omitted the words "sources of" and expressed the meaning Defendant is advancing, but the drafters declined to do so. It is unlikely the drafters employed such specific and distinct word choices that set section (B) apart from sections (A) and (C) without intending a different meaning.

Moreover, drawing a distinction between the source of information and the information itself makes sense in light of the rule's historical context. Prior versions of Rule 32 did not exclude sources of information obtained upon a promise of confidentiality from presentence reports. Rather, the Rule empowered judges to bar disclosure of the presentence report to the defendant when the report contained "sources of information obtained upon a promise of confidentiality." Fed. R. Crim. P. 32, Rule Applicable To Offenses Committed Prior to Nov 1, 1987, Rule 32(c)(3)(A). The logical and probable goal of such a provision would be to protect potential

8

sources of information from reprisal. In light of this purpose, it makes little sense to apply Rule 32 to bar the inclusion of Defendant's juvenile adjudications.

However, the presentence report in this case also names the California agencies that provided Defendant's juvenile record to the Probation Office. Despite this fact, no violation of the rule occurred because the Probation Office never made a promise of confidentiality to the California authorities. Going forward, if the Probation Office does make such a promise, the names of the providing agencies should be excluded from the presentence report in accordance with Rule 32(d)(3)(B).

In summary, there is no federal bar to inclusion of Defendant's juvenile record in his presentence report. The Court now turns to whether California law bars such inclusion.

**California Law**

California law provides that while juvenile records are generally confidential, they may be disclosed to "judges, . . . probation officers, and law enforcement officers who are actively participating in criminal or juvenile proceedings involving the minor." Cal. Welf. & Inst. Code § 827(a)(1)(E); See also In re Mario C., 124 Cal. App. 4th 1303, 1312-13 (Cal. Ct. App. 2004) ("While juvenile court records are generally confidential, law enforcement and prosecutorial authorities can consult them for a wide variety of purposes.").

In this case, probation officers who were part of a proceeding involving the defendant lawfully requested and obtained Defendant's juvenile record from California authorities. Defendant argues that § 827(a)(1)(E) may only be applied when the proceedings in question involve the <u>minor</u> and that the section is inapplicable once the minor becomes an adult. But nothing in the text of the statute suggests the access exception is time limited and Defendant has provided no authority in support of that interpretation. The Court reads the language "proceedings involving the minor" as meaning "proceedings involving the subject of the juvenile record," regardless of whether the subject is still a minor or is now an adult.

Defendant has also argued that the Probation Office violated California law by requesting the disclosure of Defendant's juvenile record without providing notice to Defendant and his counsel. However, California's notice requirements only apply when a party petitions the juvenile court to authorize disclosure under § 827(a)(1)(P), <u>see</u> California Form JV-570, or when the record pertains "to matters within the jurisdiction of the juvenile court pursuant to Section 300," <u>see</u> § 827(a)(2)(D), (3)(B).[2] There is no general notice requirement and Defendant has cited no authority suggesting that a lawful disclosure under § 827(a)(1)(E) requires that notice be given.

---

[2] Cal. Welf. & Inst. Code § 300 establishes the jurisdiction of California juvenile courts over minors subjected to abuse or neglect. In contrast, § 601-02 establishes jurisdiction over minors who commit crimes or status offenses. Only the later jurisdiction is implicated in this case.

Additionally, California law governs the dissemination of juvenile records by receiving agencies and persons. Despite being incorporated into the presentence report, Defendant's juvenile adjudications are nonetheless a confidential juvenile record subject to the protections and limitations of California law. Thus, presentence reports containing California juvenile adjudications may only be disseminated consistent with California law. Cal. Welf. & Inst. Code § 827(a)(4) bars distribution of juvenile records or portions thereof to other persons and agencies, unless "those persons or agencies [are] authorized to receive documents pursuant to this section."

In this case, Defendant's juvenile adjudications were incorporated into his presentence report, which was then disseminated to the Court and, after sentencing, to the Bureau of Prisons. The Court must determine whether such dissemination is lawful. Like probation officers, judges "who are actively participating in criminal or juvenile proceedings involving the minor" are entitled to access the minor's juvenile record. Id. at § 827(a)(1)(E). Thus, pursuant to § 827(a)(4), the Probation Office was permitted to incorporate portions of Defendant's juvenile record into its presentence report to the Court. Similarly, the federal Bureau of Prisons, an agency of the United States Department of Justice,[3] is a law enforcement agency "actively participating in criminal or juvenile proceedings involving the minor" and thus equally entitled to

---

[3] See 18 U.S.C. §§ 4041-42; An Act to Reorganize the Administration of Federal Prisons, Pub. L. No. 71-218, 46 Stat. 325 (1930); Federal Bureau of Prisons, http://www.bop.gov/ (last visited Dec. 3, 2013).

obtain Defendant's juvenile records. Id. at § 827(a)(1)(E). The Bureau of Prisons utilizes the presentence report to determine an appropriate institutional designation for service of the sentence and to develop a correctional plan.

While the limited dissemination of Defendant's juvenile record in this case was consistent with California law, the Court emphasizes that presentence reports containing California juvenile records can be further disseminated only to the excepted agencies and individuals enumerated in Cal. Welf. & Inst. Code § 827. Alternatively, the possessing agency may seek authority from the juvenile court judge to disseminate the record to a non-enumerated party under Cal. Welf. & Inst. Code § 827(a)(1)(P), or the possessing agency may redact defendant's juvenile record from the presentence report. Additionally, the Court notes that presentence reports are confidential and, absent other authority, may only be disseminated with the express authorization of the federal court for which it was prepared, regardless of whether the report contains state juvenile adjudications. See Adair, Jr., supra, at 3; Schlette, 842 F.2d at 1580-81; Charmer Indus., Inc., 711 F.2d at 1171. Thus, when a possessing agency seeks to disseminate a presentence report containing juvenile adjudications to a recipient not excepted by Cal. Welf. & Inst. Code § 827, the possessing agency must seek the authorization of the federal district court and either redact the juvenile adjudications or seek authority from the relevant California juvenile court.

12

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion to exclude his juvenile adjudications from his presentence report. However, the Court also cautions the government, the Probation Office, and the Bureau of Prisons to ensure that presentence reports containing California juvenile adjudications are only disseminated in compliance with Cal. Welf. & Inst. Code § 827.

IT IS SO ORDERED.

Dated: December 17, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court